BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO *v.* ROSSY, DISTRICT JUDGE.

APPLICATION for a Writ of *Certorari.*

No. 89.—Decided June 5, 1912.

ACCOUNTING—CONSTRUCTION—EXECUTION OF JUDGMENT.—In this case it is sought to enforce compliance with the judgment rendered by this court on June 24, 1909, in an action instituted by *Margarita Cintrón et al.* v. *The Banco Territorial,* in which judgment the Banco Territorial was required ''to render to the plaintiffs an itemized account, supported by vouchers, of the administration of the 'Laura' etsate.'' It was held that the terms ''rendition of an itemized account, supported by vouchers, of the administration of the 'Laura' estate include *besides the production of said account in the manner directed, its examination with the intervention of the parties concerned and its approval or final modification during the proceedings for the execution of the judgment of June 24, 1909, so as to determine the true credit or debit balance, because these three acts have a perfect relation to each other and are absolutely necessary to a formal and effective compliance with the judgment.* Such procedure is not in conflict with the Code of Civil Procedure now in force and is in accord with the procedure followed in the courts of the United States.

ID.—OBJECTIONS TO ACCOUNTS—EXECUTION OF JUDGMENT—ACTIONS.—In accordance with the doctrine established in the preceding paragraph, the objections made by the plaintiffs to the accounts presented by the Banco Territorial should be discussed and decided after hearing the allegations of the parties and taking the evidence in support of their respective rights, but it would not

be proper, as requested by the petitioner, that the proceedings for the execution of the judgment be declared terminated because the bank had rendered accounts and that recourse be had to an ordinary action for the purpose of objecting to the accounts and proving the objections.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action instituted in the District Court for the Judicial District of San Juan by Margarita and Eulalia Cintrón and the Succession of José F. Cintrón against the *Banco Territorial y Agrícola de Puerto Rico* for the rendition of an accounting and other matters, the aforesaid court rendered judgment on December 28, 1907, refusing to decree the nullity of the judicial sale of estate "Laura" held on May 19, 1906, and ordered that within 15 days after said judgment had become final the defendant should render to the plaintiffs an itemized account, supported by vouchers, of the administration of said estate during the period comprised between June 30, 1902, and May 19, 1906, the plaintiffs being at the same time required, within 10 days from the presentation of the account in question, to signify whether they accepted or rejected the same, in which latter case the court, pursuant to section 205 of the Code of Civil Procedure and for the purpose of carrying out the judgment, would submit the question to a referee or referees designated in the manner prescribed by law, and it finally ordered that in case there should result any balance in favor of the plaintiffs, after covering the expenses vouched for and the debt of $12,196.96 for the collection of which the defendant had taken over the administration of estate "Laura," such balance should be delivered to the plaintiffs.

From this judgment both parties took an appeal, and this Supreme Court, by its decision of June 24, 1909, held that it should be affirmed in so far as it refused to declare the nullity of the judicial sale held May 19, 1906, and ordered the *Banco*

*Territorial y Agrícola de Puerto Rico* to render to the plaintiffs within 15 days an itemized account, supported by vouchers, of the administration of the estate "Laura" during the period comprised between June 30, 1902, and May 19, 1906, which term might be extended at the discretion of the lower court, the same judgment being reversed as to the other particulars contained therein, without any special imposition of costs.

In order to comply with the aforesaid judgment, in the part thereof referring to the rendition of accounts, the *Banco Territorial y Agrícola* produced an accounting of the administration of the estate "Laura" from June 30, 1902, with a balance in its favor of $14,606.69, to May 19, 1906, when it closed with a balance, likewise in its favor, of $22,724.37. The adverse party thereupon filed a motion on December 20, 1909, praying the court that inasmuch as the account produced was only an incomplete copy of the mercantile books of the bank, unsupported by vouchers and without reference to the various items of property received under inventory when said bank took charge of the administration of the estate "Laura," the defendant be ordered to produce, within 15 days, an itemized account, supported by vouchers and accompanied by the inventory under which the bank had taken over the administration, as also by the respective original voucher for every item, and that another term of 15 days be fixed within which the plaintiffs may oppose or present their objections to each and every item of said account and thus to determine the true balance, with interest, resulting in favor of or against the plaintiffs or defendant.

The motion was sustained by order of March 19, 1910, whereupon counsel for the *Banco Territorial y Agrícola* applied to this Supreme Court for a writ of *certiorari* to the end that, after a review of the proceedings had in the lower court, it should be adjudged that the accounts had been produced in due form, and that the plaintiffs should present such objections thereto as they thought justified in order that the bank

might then submit the vouchers of the items objected to, the questions to which said objections gave rise being thus decided according to justice.

The writ of *certiorari* having issued and the record of proceedings in the case having been forwarded to this court, a decision was handed down on March 27, 1911, adjudging that the remedy of *certiorari* did not lie, and ordering that the record be returned to the lower court, which remained at liberty to proceed with the case as if no writ had been issued.

The bank then produced another copy of the accounts of the administration of the estate "Laura" with such vouchers as it deemed proper, both as to the debit and credit items, counsel for Cintrón Hermanos objecting thereto (1) because the bank failed to produce the inventory of the property it had received in administration; (2) because the accounts do not comprise all the receipts of the administration of central "Laura," but only such as refer to the canes, and these are incomplete; (3) because the receipts and vouchers therefor are not itemized and specific so as to facilitate a knowledge of their origin and the correctness of their respective amounts; (4) because in the receipts are not included the proceeds of the rum or molasses, nor of the land not planted in cane, nor of the pastures and wood, nor of the care of oxen belonging to outsiders, nor of the hiring out of the oxen of the estate, nor of that of the cars or carts, nor of the partnership in the care of cattle and planting of minor products, nor of the improper sale of sundry properties of the estate, nor of the lease of parcels of land belonging to the estate, nor of the rent of its house with store annexed, nor of the sale of old lumber, iron, and copper, and machinery accessories; (5) because the very few receipt entries refer to the sale of canes to central "Mercedita" and do not include the complete administration of central "Laura" with all its utilities, benefits, and products; (6) because the receipts credited to Cintrón Hermanos are not the natural and true receipts that central "Laura" should have realized under a fair and regu-

lar administration, according to the expert evidence produced at the trial; (7) because in the accounts are not included the molasses nor the rum belonging to the crops of 1905 and 1906; (8) because not even the receipts of sugar appear complete in the entries to the debit of the bank; (9) because in the accounts are fraudulently concealed or omitted the greater part of products other than sugar received by the assistant manager the bank had placed in charge of central "Laura"; (10) because the receipts appearing in the accounts are not those of a sugar central under proper cultivation, such as the "Laura" estate, but of one converted into an agricultural colony; (11) because the items of debit and credit specified therein are not detailed and intelligible in their context; (12) because in the accounts are fraudulently omitted the legitimate receipts specified in the accompanying statement (exhibit No. 1); (13) because the special receipts corresponding to the production of sugar during the four crops covered by the accounts do not conform to the average of $30,000 each year established at the trial by expert evidence; (14) because upon grouping the receipts and expenses of each year of administration there appear objections and opposition thereto sustained in the various exhibits that have been presented.

On the strength of these objections counsel for Cintrón Hermanos closes his motion with the prayer that an order be made to the following effect: (1) That such accounts, being contrary to the *res judicata* and to the bases approved for their liquidation, were inadmissible; (2) that the manager of the bank be required, under admonition of being punished for contempt of court, to produce, without any pretext or excuse whatever, the inventory and original valuation under which he took charge of the administration of central "Laura"; (3) that a day and hour be set to take the summary evidence of authentication of the objections and private documents in rebuttal, either through expert testimony or by means of public deeds and instruments; and (4) that the *Banco Territorial y Agrícola,* when the evidence has been

taken, be adjudged to pay Cintrón Hermanos the total amount resulting from the liquidation produced by the plaintiffs, or, at all events, the balance of the accounts objected to by them, either totally or partially.

Counsel for the bank also filed a motion to overrule the objections of Cintrón Hermanos, and praying the court that inasmuch as the bank had complied with the obligation imposed upon it of producing the accounts in an itemized form, and, moreover, for the reason stated in its motion in rebuttal of the objections presented, it be pleased to disregard the objections made in the proceedings for the fulfilment of the judgment, and order that said proceedings be filed away as having been duly disposed of.

On the foregoing motion the following decision was rendered March 26 last:

"Motion overruled, and pursuant to previous orders, Tuesday, April 2, at 9 a. m., is fixed for production of the summary evidence of authentication of objections and private documents in rebuttal."

The order transcribed above has led counsel for the *Banco Territorial y Agrícola* to apply to this Supreme Court for a writ of *certiorari*, to the end that, after a review of the proceedings of the lower court, it be adjudged that inasmuch as the detailed accounts, supported by vouchers, to the rendition of which the bank was obligated by the judgment of this Supreme Court of June 24, 1909, have been produced, the order regarding evidence on the objections to the accounts be declared void, and the filing away of the case, as finally disposed of, be ordered, without prejudice to the exercise by the plaintiffs, through the proper legal proceedings, of such rights, if any, as they may believe they have, resulting from the rendition of accounts made by the defendant bank.

The writ of *certiorari* applied for was issued, and from the allegations of the petitioner, as also from the original records that have come up to this Supreme Court in compliance with

said writ, it appears that the proceedings in the lower court have been conducted as set forth.

Let us now see whether said proceedings conform to the judgment of this Supreme Court of June 24, 1909, in so far as the *Banco Territorial y Agrícola de Puerto Rico* is therein ordered to produce to the plaintiffs an itemized account, supported by vouchers, of the administration of the estate "Laura" during the period beginning on June 30, 1902, and closing on May 19, 1906.

The scope of the pronouncement is revealed by the terms in which it is conceived; and the terms "rendition of an itemized account, supported by vouchers, of the administration of estate 'Laura,'" include *besides the production of said account in the manner directed, its examination with the inintervention of the parties concerned, and its approval or final modification during the proceedings for the execution of the judgment of June 24, 1909, so as to determine the true credit or debit balance, because these three acts have a perfect relation to each other and are absolutely necessary to a formal and effective compliance with the judgment.*

This doctrine has been laid down by the Supreme Court of Spain in its judgment of September 28, 1878, and the Code of Civil Procedure now in force does not contradict any of its precepts. On the contrary, the procedure followed in the courts of the United States accords with it.

We are of the opinion that the District Court of San Juan has acted within the scope of its jurisdiction in making the order of March 26 last, which has given rise to the present remedy of *certiorari,* and in doing so it has violated no rule of procedure.

The opinion upon which the judgment of June 24, 1909, is based does not favor the petitioner, as alleged by him, as if we had declared in said opinion that the objection to the itemized account, supported by vouchers, of the administration of estate "Laura" offered to the bank by Cintrón Hermanos

should not be presented in the proceedings for the execution of said judgment, but in another independent action.

In that opinion we said:

"The plaintiff and the defendant are parties equally interested in the account of the administration of the 'Laura' estate, and the latter cannot be deprived of the right to examine them so as to prepare such actions as said party may believe to lie, which actions may or may not be successful, after the allegations of the parties and the evidence presented in support of their respective claims have been heard.

"The *Banco Territorial y Agrícola* itself, upon being requested on September 1, 1905, by Attorneys López Landrón and Hartzell and Rodríguez Serra, on behalf of Cintrón Hermanos, to produce the accounts of the administration of the 'Laura Central,' *stated that it was ready to present to Cintrón Hermanos, or to their duly authorized attorneys, the accounts which they requested, for their approval or objection, with the reason therefor, since August 23, 1905, because up to said date they had been impliedly approved, according to the eleventh clause of the contract of May 23, 1900; and that it was also willing to present said accounts from June 30, 1902, to August 31, 1905, but making it a matter of record that, in accordance with said contract, these accounts had already been approved to August 23, 1905, and that the acquiescence of the bank could not be construed in the sense of renouncing or placing in doubt the fact of their having been acknowledged.*

"These statements clearly reveal that the bank was willing to show Cintrón Hermanos the accounts relating to the administration of the 'Laura Central,' and only denied the latter's right to object to its accounts of the administration, holding that they had been accepted and approved impliedly according to the terms of the deed of May 23, 1900.

"Such allegation appears to us to be premature, because it could only be made after Cintrón Hermanos, in view of the accounts had in due form, made the objections which they might consider advisable.

"An examination of the accounts by Cintrón Hermanos is necessary for the prosecution of such actions as they may believe themselves entitled to, and all the doors for any claims cannot be closed to them by keeping from their inspection accounts in which they are parties as interested as the *Banco Territorial y Agrícola.*

"With regard to the other particulars of the first pronouncement of the judgment appealed from, they do not appear to us to be in

accordance with the law. Upon an examination of the accounts of the administration of the 'Laura' estate by the plaintiffs, the latter may exercise any rights they may have, and the moment will then have arrived to make the decisions which the law advises after the necessary legal proceedings. It is premature to invoke as applicable to the case section 205 of the Code of Civil Procedure, and order that an uncertain balance be delivered by the plaintiffs to the defendants.''

Thus we see that this Supreme Court held that the *Banco Territorial y Agrícola* was under obligation to produce to Cintrón Hermanos an itemized account, supported by vouchers, of the administration of central "Laura" during a certain period of time, and that Citrón Hermanos could not be deprived of the right to examine said account; but it did not advance any opinion as to the time and manner in which Cintrón Hermanos might make the objections they should deem advisable, nor regarding the procedure to be followed for discussing and deciding such objections, which undoubtedly had to be discussed *and decided after having heard the allegations of the parties and taken the evidence in support of their respective rights.* These allegations and evidence could properly be heard and taken in an ordinary suit as well as in proceedings to carry out the judgment ordering a rendition of accounts.

If this court in its judgment of June 24, 1909, did not accept any of the pronouncements of the court below save the one ordering the rendition of accounts by the bank to Cintrón Hermanos and reversed the others referring to the matter, it was because it deemed that these were premature before the rendition of the accounts, and not because it intended to reserve for an ordinary action the objections made thereto.

Not finding in the proceedings of the District Court of San Juan any reason that would justify us in declaring null and void the order of March 26 last, regarding evidence on objections to accounts and in ordering the case to be filed away

as finally disposed of, according to the request of counsel for the *Banco Territorial y Agrícola,* the record should be returned to said court, which is left at liberty to proceed with the case as if the writ of *certiorari* had not issued, the same being annulled.

*Motion overruled.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.